UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARK ANTHONY KENNEDY,

Petitioner,

v.

RONALD E. OLIVER,

Respondent.

Case No.: 3:24-cv-00144-ART-CLB

Order Directing Service of Petition and Setting Briefing Schedule

Mark Anthony Kennedy has submitted a 28 U.S.C. § 2254 petition for a writ of habeas corpus. (ECF No. 1.) The Court has reviewed the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 and directs that it be served on Respondents.

A petition for federal habeas corpus should include all claims for relief of which Petitioner is aware. If Petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2244(b) (successive petitions). If Petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

It is therefore ordered that the Clerk of Court electronically SERVE the petition (ECF No. 1) on Respondents.

It is further ordered that the Clerk add Aaron D. Ford, Nevada Attorney General, as counsel for Respondents and provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only.

It is further ordered that Respondents file a response to the petition, including potentially by motion to dismiss, within **90 days** of service of the petition, with any requests for relief by Petitioner by motion otherwise being subject to the normal briefing schedule under the Local Rules. Any response filed is to comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

It is further ordered that any procedural defenses raised by Respondents in this case be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they will do so within the single motion to dismiss not in the answer; and (b) they will specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response to that claim.

It is further ordered that Petitioner has **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by Respondents by motion otherwise being subject to the normal briefing schedule under the Local Rules.

It is further ordered that any additional state court record exhibits filed herein by either Petitioner or Respondents be filed with a separate index of exhibits identifying the exhibits by number. The parties will identify filed CM/ECF attachments by the number and will file each exhibit as a separate attachment.

It is further ordered that, at this time, the parties send courtesy copies of **any responsive pleading or motion and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court. Courtesy copies are to be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless and until requested by the court.

DATED THIS 18th day of April 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE